FILED
United States Court of Appeals
Tenth Circuit

May 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY L. ALFORD

Petitioner – Appellant,

v.

TRACY McCULLUM, Warden

Respondent – Appellee.

No. 15-6011
(D.C. No. 5:13-CV-01256-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

Gary Alford is a prisoner currently in the custody of the Oklahoma Department of Corrections. Alford was tried and convicted in state court on charges of Unlawful Possession of A Controlled Drug with Intent to Distribute, Possession of a Controlled Substance, Driving a Motor Vehicle While Under the Influence of an Intoxicating Substance, Unlawful Possession of Drug Paraphernalia, and Possession of a Controlled Dangerous Substance with Intent to Distribute after two or more previous felony convictions. For these offenses, Alford was sentenced to over twenty years of imprisonment. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA)

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

affirmed Alford's conviction and sentence. The trial court then denied Alford's application for post-conviction relief, and again the OCCA affirmed.

Alford then initiated this § 2254 action in the Western District of Oklahoma. A report and recommendation by the magistrate judge found no actionable deficiencies in the OCCA's treatment of the four grounds for relief urged by Alford. Thus, the magistrate recommended denying habeas relief on all four grounds. Alford filed an objection to the magistrate's report and recommendation in which he raised only one issue. After reviewing de novo the magistrate's report and recommendation and considering Alford's objection, the district court adopted the magistrate's report in its entirety. The district court also denied Alford a certification of appealability under 28 U.S.C. § 2253(c)(2), finding that he had not made "a substantial showing of the denial of a constitutional right."

Alford now seeks a certificate of appealability before this court, arguing only that the coercive effect of the state magistrate's error in refusing to appoint him counsel before his preliminary hearing rendered his later waiver of counsel involuntary in violation of the Sixth Amendment. For the reasons stated herein, we deny Alford's application for a certificate of appealability and dismiss Alford's appeal.

## I. Factual Background

Alford was arrested on November 6, 2009. According to an affidavit submitted by the arresting officer, she pulled Alford over after observing him driving 30 miles per hour in a 60 mile per hour zone for a sustained period of time. The officer also asserted that,

upon approaching Alford's car, she smelled burnt marijuana and observed an empty beer can on Alford's front seat. The officer eventually arrested Alford for driving under the influence of drugs. When the police inventoried his car, they recovered a digital scale and two plastic bags containing marijuana.

Of particular relevance to Alford's appeal here are the circumstances surrounding his appearance at the preliminary hearing. Before his preliminary hearing, Alford filed three documents: (1) a motion for discovery in which he stated he was appearing "pro se"; (2) a pauper's affidavit that stated he had no source of income, that he had not been employed for five years, and that his brother had posted his bond; and (3) an application for appointed counsel in which he stated he could not afford to hire an attorney. An Oklahoma district court judge denied the application for an appointed attorney, observing that when he attempted to call Alford he was told Alford was "at work" and thus Alford's statement concerning his lack of employment was no longer true.

At Alford's preliminary hearing, the judge advised him of his right to counsel and of the dangers inherent in self-representation. Alford indicated he wanted to represent himself because he might get a "lazy lawyer" who "would do nothing with it." He also stated he believed he was competent to represent himself at the preliminary hearing, and that he was waiving his right to have an attorney present at the preliminary hearing.

Alford later retained private counsel who entered an appearance in his case on June 3, 2010. This counsel was allowed to withdraw on December 1, 2010, after Alford had again expressed a desire to represent himself. Before Alford's trial, the judge again advised him of his rights to counsel, to self-representation, and to court-appointed

counsel if he could not afford to hire an attorney. Alford stated that he wanted to represent himself but he requested that the court appoint him an attorney to help in answering his questions and in directing him how to proceed. After a series of further discussions, Alford was eventually appointed counsel.

Upon commencement of his trial, Alford's appointed counsel informed the judge that Alford wished to make his own opening statement. Following further discussion, Alford again waived his right to counsel and decided to undertake self-representation. He was convicted by the jury on all counts.

Alford appealed this verdict to the OCCA, arguing as his sole proposition of error that "the magistrate erred in refusing to appoint counsel" for him before his preliminary hearing and that the "coercive effect of this error" rendered his "subsequent waiver of counsel inadequate as it was not a voluntary waiver." The court rejected this argument. Alford then sought post-conviction relief in the trial court. This application was denied, and the OCCA affirmed the district court's decision.

Alford then brought the current §2254 action in federal court, offering four grounds for error. The magistrate judge issued a report and recommendation rejecting Alford's argument on all four grounds, and Alford's only objection to the report concerned the magistrate's rejection of Alford's argument that the coercive effect of the state magistrate's error in refusing to appoint him counsel before his preliminary hearing rendered his later waiver of counsel involuntary in violation of the Sixth Amendment. After the district court reviewed de novo the magistrate's report and recommendation and considered Alford's objection, it chose to adopt the magistrate's report in its entirety. The

-4-

district court also denied Alford a certification of appealability under 28 U.S.C. § 2253(c)(2), finding that he had not made "a substantial showing of the denial of a constitutional right." Alford now appeals to this court, again raising only his Sixth Amendment argument.

## II.    The COA

A COA acts as a jurisdictional prerequisite to our consideration of a state prisoner's appeal from the denial of his habeas petition by the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Until a COA is issued, we lack jurisdiction to rule on the merits of such an appeal. *Id.* at 336. To obtain a COA, a plaintiff must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where, as here, a district court has rejected the constitutional claims on the merits, a plaintiff can obtain a COA only by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

Alford has not made an adequate showing here. His brief before this court contains, principally, a lengthy recitation of his version of the "facts" concerning whether or not he had counsel at various periods throughout his trial and the reasons he chose (or, according to his brief, did not choose) to waive counsel. At this point in the proceedings we must give the OCCA's factual findings a presumption of correctness, 28 U.S.C. § 2254(e)(1), and Alford has provided no basis for us to overcome this presumption. Both

the OCCA and the magistrate judge thoroughly considered and disposed of Alford's arguments based on his waiver (or lack of waiver) of counsel. Having carefully reviewed Alford's brief, the record on appeal, the OCCA's decision, and the magistrate's report, we can find no basis for determining that Alford's claim meets our standard for the grant of a certificate of appealability. Although we therefore lack jurisdiction to reach the merits of this appeal, we provide a brief review of Alford's claim to illustrate our basis for denying Alford a COA.

Given that the OCCA reviewed and denied Alford's Sixth Amendment claim on the merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") would govern our review of this claim. Under the AEDPA we could not grant relief absent a showing that (1) the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The magistrate correctly determined that the relevant Supreme Court precedent here is *Farretta v. California*, 422 U.S. 806, 835 (1975), which holds that the waiver of counsel must be made "knowingly and intelligently." In Alford's case, the OCCA found that he

> was thoroughly and repeatedly advised of the dangers and disadvantages of self-representation. He had the means to hire a lawyer and did so before [he] fired his attorneys and strongly asserted his right to represent himself. He proceeded to trial *pro se* where he was assisted by stand-by counsel to whom he was not entitled.

Based on these findings, the OCCA determined that Alford's waiver of counsel was knowing and voluntary and that he suffered no violation of his Sixth Amendment right to counsel.

The record before this court buttresses the OCCA's conclusions, and we do not believe reasonable jurists could find any reason to encourage Alford to proceed further. Alford told the state court trial judge that he was unhappy with his lawyers and wanted to proceed without counsel. He unequivocally stated that he did not want court-appointed counsel to "lead" his defense and instead preferred to represent himself with stand-by counsel. He repeatedly reiterated this preference even after being informed of the dangers of self-representation. Given these unrefuted facts, we conclude that Alford's waiver of counsel was both knowing and intelligent. Alford has failed to provide any basis for a reasonable jurist to determine that the OCCA unreasonably applied governing Supreme Court precedent or made an unreasonable determination of the facts. We can see no grounds for granting a COA on this claim.

## III.    Conclusion

For the reasons stated herein, we DENY Alford's application for a certificate of appealability, DENY Alford's motion to proceed in forma pauperis, and DISMISS Alford's appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge